**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| **MARY AND STEPHEN SCHRECK**, ) | Case No. |
| ) | |
| Plaintiffs, ) | **COMPLAINT AND JURY DEMAND** |
| ) | |
| v. ) | |
| ) | |
| **NCMI  CORPORATION  D/B/A  NORTH** ) | |
| **WASHINGTON COLLECTIONS INC. and** ) | |
| **CRAIG P. HAYES, ATTORNEY AT LAW,** ) | |
| **P.S.,** ) | |
| ) | |
| Defendants. ) | |

### NATURE OF ACTION

1.      This is an action brought under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, where Plaintiffs reside in this district, and/or where Defendants transact business in this district.

### PARTIES

4.      Plaintiffs, Mary and Stephen Schreck, are natural persons who at all relevant

COMPLAINT - 1

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

times resided in the State of Washington, County of Skagit, and City of Sedro-Woolley.

5.      Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant, Craig P. Hayes, Attorney at Law, P.S. ("Hayes"), is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5).

7.      Hayes is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8.      Defendant, NCMI Corporation d/b/a North Washington Collections, Inc. ("NCMI"), is an entity that acquires debt in default merely for collection purposes and/or is assigned debt for collection purposes, and that at all relevant times was engaged in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5).

9.      NCMI is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10.     The Schrecks are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor.

11.     The Schrecks' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely attorneys' fees incurred in disputing a personal medical bill.

12.     Hayes uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13.     NCMI purchases debts once owed or once due, or asserted to be once owed or

COMPLAINT - 2

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

once due a creditor, and/or is assigned debt for collection purposes.

14.     NCMI acquired or was assigned the Schrecks' debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was allegedly in default.

15.     NCMI is thoroughly enmeshed in the debt collection business, and Hayes is a significant participant in NCMI's debt collection process.

16.     At all relevant times, Hayes acted as NCMI's agent in attempting to collect an alleged debt from the Schrecks on NCMI's behalf.

17.     On or about July 2004, the Schrecks retained the services of attorney James Sturdevant ("Sturdevant") for assistance in disputing and negotiating down a $2,080.00 medical bill.

18.     Sturdevant made a number of significant errors during his representation of the Schrecks, including failing to appear for a hearing.  The Schrecks have filed a grievance with the Washington State Bar relating to Sturdevant's services, and that grievance is currently under investigation.  Sturdevant was disciplined by the Washington State Bar on August 16, 2011 for similar issues and problems with another client, including failure to provide competent representation, failure to act with reasonable diligence in representing a client, and failure to communicate.

19.     As of May 2005, Sturdevant billed the Schrecks approximately $3600 for services purportedly rendered in connection with a $2,080 medical bill.  Sturdevant's billing went well beyond what the Schrecks discussed with Sturdevant when they hired him.  Ultimately, the Schrecks paid $3,365; $1,365 over what they agreed to spend.  The Schrecks then fired Sturdevant as their attorney and advised him that they would not pay more money because he had already charged more than they agreed upon.

COMPLAINT - 3

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

20.     Sturdevant, however, continued to bill the Schrecks for services and interest even after he was fired as their attorney.

21.     In total, Sturdevant appears to have billed the Schrecks more than $12,000 in negotiating Mary Schrecks's medical bill from $2,080 to $1,600.

22.     Mary Schreck was diagnosed with terminal cancer in 2006.  Throughout Defendants' debt collection efforts (described below), Mary was battling terminal cancer and undergoing chemotherapy treatments.

23.     On or about February 2006, Sturdevant began attempting to collect from the Schrecks.

24.     On December 7, 2006, NCMI advised the Schrecks that their account with Sturdevant had been assigned to NCMI.  NCMI, itself and on behalf of Sturdevant, began attempting to collect from the Schrecks.

25.     In 2006 and 2007, the Schrecks repeatedly disputed the alleged debt with both Sturdevant and NCMI.

26.     Upon information and good faith belief, NCMI and Sturdevant stopped attempting to collect the alleged debt in 2007.  They did not renew their collection efforts until May 2011, shortly after Sturdevant and Mary Schreck had a chance encounter at a hospital where Mary Schreck was undergoing cancer treatments.

27.     Upon information and good faith belief, Sturdevant and Hayes have had a long-term business relationship and have legal offices in the same building.

28.     Upon information and good faith belief, shortly after the chance encounter between Sturdevant and Mary Schreck at the hospital, NCMI hired Hayes to assist in filing a lawsuit against the Schrecks.

COMPLAINT - 4

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

29.     Upon information and good faith belief, Hayes has been a significant participant in NCMI's debt collection process over at least the past few years.

30.     On May 16, 2011, Hayes filed a lawsuit on behalf of NCMI against the Schrecks regarding the alleged debt in the Skagit County District Court.   In its suit, NCMI sought $5239.71 in principal and $3298.88 in interest, plus costs and attorneys' fees.

31.     In connection with the collection of the alleged debt, Hayes, himself and on behalf of NCMI, sent the Schrecks written communications, including letters dated February 16, 2012, February 17, 2012, and March 20, 2012.

32.     In its February 16, 2012, February 17, 2012, and March 20, 2012 communications, Hayes failed to notify the Schrecks that the communications were from a debt collector.

33.     The Skagit County District Court initially scheduled the trial for NCMI's lawsuit to take place on May 24, 2012.   The trial did not take place until August 30, 2012, however, because Hayes repeatedly delayed the trial, rescheduled the trial date, and then failed to appear for trial on the rescheduled dates, without notifying the Schrecks of the cancellations per standard court procedure.

34.     On March 20, 2012, Hayes notified the court that he had a conflict and would have to re-schedule the trial date.

35.     On May 31, 2012, more than two months after Hayes advised the court he would re-schedule the trial date, Hayes set the trial for June 18, 2012.  According to the court's docket sheet, June 18, 2012 was an "an invalid date" in that trial settings were not available for that date.   The docket sheet establishes that the court notified Hayes that this date was invalid and that it would not schedule the trial for June 18, 2012.  Yet, Hayes did not advise the Schrecks of

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrrobbins@AttorneysForConsumers.com

this information per standard court procedure, and the Schrecks appeared at the court on June 18, 2012 pursuant to the notice they had received from Hayes.

36.     On July 3, 2012, Hayes re-scheduled the trial for July 30, 2012.   Again according to the docket sheet, Hayes attempted to set the trial on an invalid date for which trial settings were not available, and the Skagit County District Court e-mailed him notice to that effect.  And, once again, Hayes did not advise the Schrecks that the trial would not occur.  As a result, the Schrecks appeared at the court on July 30, 2012 pursuant to the notice they had received from Hayes, only to be informed by the court clerk that the trial would not occur.

37.     On July 24, 2012, Hayes again re-scheduled the trial, this time for August 13, 2012.  However, the trial did not take place on this date either.

38.     Ultimately, the Schrecks asked the court for a trial date to reach a resolution and to force Hayes and NCMI to appear.

39.     On August 20, 2012, the court set the trial for August 30, 2012, and the trial finally took place on that date.

40.     The next day, on August 31, 2012, the Skagit County District Court Commissioner found in favor of the Schrecks, stating in relevant part:

The court finds in favor of the defendants.

A preponderance of the evidence favors the defendant's version of events on most disputed issues.  Mr. Sturdevant's records were disorganized, inaccurate, and **failed to account for a substantial payment**.  His recollection of events, including the events leading to the oral contract for employment, were relatively vague and equivocal.  Mr. Sturdevant failed to communicate appropriately with his clients, and as a result, performed work that, while perhaps not expressly outside the scope of his employment, would certainly not have been authorized.

The court finds that the work performed by Mr. Sturdevant was not reasonable and necessary given the limitations on the scope of his work, and that it exceeded express limitations on fees.

COMPLAINT - 6

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

Letter Opinion by Linford C. Smith, Commissioner (emphasis added).

41.    On or about September 18, 2012, the court entered final judgment in favor of the Schrecks and dismissed the case with prejudice.

42.    During the course of the August 30, 2012 trial, Hayes and NCMI submitted a bill for attorneys' fees that was not accurate.

43.    As shown above, a court of competent jurisdiction determined that the debt was not validly due or owing and that the bill for attorneys' fees submitted at trial was not accurate.

44.    Hayes and NCMI falsely represented the character and amount of the Schrecks' alleged debt in numerous ways, including but not limited to maintaining a lawsuit and continuing to collect an alleged debt that was disputed and exceeded the fees the Schrecks expressly agreed upon with Sturdevant, as well as submitting an inaccurate billing statement to the Skagit County District Court.

45.    Further, Hayes and NCMI used unfair or unconscionable means against the Schrecks in connection with an attempt to collect an alleged debt, including but not limited to repeatedly rescheduling and cancelling the trial in Skagit County District Court and failing to notify the Schrecks when the trial date had been cancelled during a time frame when Mary Schreck was undergoing chemotherapy treatments, as well as submitting an inaccurate billing statement to the Skagit County District Court.

46.    Upon information and good faith belief, Defendants were aware of Mary Schreck's medical condition.

47.    Hayes' and NCMI's actions constitute conduct highly offensive to a reasonable person.

48.    The Schrecks incurred out-of-pocket expenses, including but not limited to time

COMPLAINT - 7

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

and expense in responding to and defending against Defendants' collection efforts relating to approximately 96 hours spent in preparing for, driving to, and attending the trial.  Further, the Schrecks incurred approximately $512.00 in out-of-pocket expenses in preparing, appearing, and defending against Defendants' collection efforts, including mileage costs, attorneys' fees, and copying costs.

49.     Defendants' behavior has caused personal humiliation, embarrassment, mental anguish, and emotional distress to the Schrecks.

50.     As a result of Defendants' behavior, Mary and/or Stephen Schreck felt depressed, confused, frightened, angry, and scared, and also suffered from anxiety, sleeplessness, and discomfort in social settings and experienced a threat to their personal character and reputation.

51.     The personal humiliation, embarrassment, mental anguish, and emotional distress that the Schrecks have suffered was a natural consequence of Defendants' deceptive and abusive efforts to collect the debt allegedly due.

52.     Defendants' efforts to collect the debt allegedly due significantly impacted the Schrecks' quality of life at a time when Mary Schreck was battling terminal cancer.  For example, the Schrecks were unable to take a vacation during the summer of 2012 because of the repeated cancellation and rescheduling of the trial and the resultant uncertainty of their schedule.

53.     Defendants' behavior, and the personal humiliation, embarrassment, mental anguish, and emotional distress that the Schrecks suffered as a result of Defendants' deceptive and abusive efforts to collect the debt allegedly due, substantially disrupted the Schrecks' daily routine for a period of several months.

COMPLAINT - 8

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

54.     The personal humiliation, embarrassment, mental anguish, and emotional distress that the Schrecks have suffered as a result of Defendants' efforts to collect the debt allegedly due constitutes more than mere worry, vexation, inconvenience, or unpleasantness. Mary Schreck had to seek medical treatment for anxiety and stress related to Defendants' debt collection efforts and had to delay her chemotherapy treatments because of the repeated cancellation and rescheduling of the trial.

55.     The personal humiliation, embarrassment, mental anguish, and emotional distress that the Schrecks have suffered as a result of Defendants' efforts to collect the debt allegedly due was the result of conduct above and beyond occasional acts and words that are inconsiderate and unkind.

56.     The threat to the Schrecks' personal character and reputation, which they experienced as a result of Defendants' deceptive and abusive efforts to collect the debt allegedly due, rose above and beyond mere injury to feelings resulting from insulting language.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## HAYES

57.     Plaintiffs repeat and re-allege each and every factual allegation above.

58.     Hayes violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Schrecks' alleged debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

   a)  Adjudging that Hayes violated 15 U.S.C. § 1692e(2)(A);

   b)  Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c)  Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

COMPLAINT - 9

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

d)   Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

### COUNT II
### VIOLATION OF 15 U.S.C. § 1692e(2)(A)
### NCMI

59.     Plaintiffs repeat and re-allege each and every factual allegation above.

60.     NCMI violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Schrecks' alleged debt.

61.     NCMI, by virtue of its status as a "debt collector" under the FDCPA, is also liable for the actions of Hayes, the debt collector it hired to collect an alleged debt from the Schrecks on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)   Adjudging that NCMI violated 15 U.S.C. § 1692e(2)(A);

b)   Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)   Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)   Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

COMPLAINT - 10

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

**COUNT III**
**VIOLATION OF 15 U.S.C. § 1692e(10)**
**HAYES**

62.    Plaintiffs repeat and re-allege each and every factual allegation above.

63.    Hayes violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt from the Schrecks.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

    a)  Adjudging that Hayes violated 15 U.S.C. § 1692e(10);

    b)  Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c)  Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d)  Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

    e)  Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

    f)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT IV**
**VIOLATION OF 15 U.S.C. § 1692e(10)**
**NCMI**

64.    Plaintiffs repeat and re-allege each and every factual allegation above.

65.    NCMI violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt from the Schrecks.

66.    NCMI, by virtue of its status as a "debt collector" under the FDCPA, is liable for the actions of Hayes, the debt collector it hired to collect an alleged debt from the Schrecks on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

COMPLAINT - 11

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

a) Adjudging that NCMI violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692e(11)
## HAYES

67.     Plaintiffs repeat and re-allege each and every factual allegation above.

68.     Hayes violated 15 U.S.C. § 1692e(11) by failing to notify the Schrecks during each communication made in connection with the collection of a debt that the communication was from a debt collector.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Hayes violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

**COUNT VI**
**VIOLATION OF 15 U.S.C. § 1692e(11)**
**NCMI**

69.     Plaintiffs repeat and re-allege each and every factual allegation above.

70.     Hayes violated 15 U.S.C. § 1692e(11) by failing to notify the Schrecks during each communication made in connection with the collection of a debt that the communication was from a debt collector.

71.     NCMI, by virtue of its status as a "debt collector" under the FDCPA, is liable for the actions of Hayes, the debt collector it hired to collect an alleged debt from the Schrecks on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)   Adjudging that NCMI violated 15 U.S.C. § 1692e(11);

b)   Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)   Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)   Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

**COUNT VII**
**VIOLATION OF 15 U.S.C. § 1692f**
**HAYES**

72.     Plaintiffs repeat and re-allege each and every factual allegation above.

73.     Hayes violated 15 U.S.C. § 1692f by using unfair or unconscionable means against the Schrecks in connection with an attempt to collect an alleged debt.

COMPLAINT - 13

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Hayes violated 15 U.S.C. § 1692f;

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
## VIOLATION OF 15 U.S.C. § 1692f
## NCMI

74. Plaintiffs repeat and re-allege each and every factual allegation above.

75. NCMI violated 15 U.S.C. § 1692f by using unfair or unconscionable means against the Schrecks in connection with an attempt to collect an alleged debt.

76. NCMI by virtue of its status as a "debt collector" under the FDCPA, is liable for the actions of Hayes, the debt collector it hired to collect an alleged debt from the Schrecks on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that NCMI violated 15 U.S.C. § 1692f;

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees ands costs incurred in this action;

COMPLAINT - 14

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

e)   Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

77.   Plaintiffs are entitled to and hereby demand a trial by jury.


Respectfully submitted this 18th day of December, 2012.

<u>s/Jon N. Robbins</u>
Jon N. Robbins (WBN: 28991)
WEISBERG & MEYERS, LLC
Attorney for Plaintiffs

COMPLAINT - 15

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com